IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TAMMY L. HILL,                              Civ. No. 07-6024-HO

          Plaintiff,                   ORDER

    v.

Commissioner of Social Security,

          Defendant.

For the reasons that follow, the Commissioner's motion to remand this matter for further administrative proceedings is granted.

The administrative law judge (ALJ) stated clear and convincing reasons supported by substantial evidence to give little weight to plaintiff's statements.  He noted that objective medical evidence does not support the sudden decline in plaintiff's medical condition that allegedly caused her to quit her job and file an application for benefits on the same day as her husband.  (Tr. 15, 18).  The ALJ noted that plaintiff held

her job for 90 days after completing vocational rehabilitation.
(Tr. 21, 70).  He cited medical records documenting symptom
magnification and intermittent wheelchair use without
prescription.  (Tr. 19).  He noted the unremarkable Holter test
result despite plaintiff's complaint of daily palpitations.  (Tr.
22).  The decision references Dr. Sullivan's rating of 65 for
plaintiff's global assessment of functioning.  (Tr. 23, 469).
The ALJ cited medical reports evincing plaintiff's inconsistent
statements regarding her abilities to groom, dress, perform self
care and ride horses.  (Tr. 23, 466, 468. 475).  The ALJ also
noted plaintiff's activities of crochet and home-schooling
despite her claim of disability from ganglion cysts, carpel
tunnel syndrome and fribromyalgia.  (Tr. 24, 124-25, 676).  The
possibility that plaintiff sought Vicodin from Dr. Stowell in
violation of her narcotic agreement with Dr. Webb is noted in the
decision and documented in Dr. Stowell's report.  (Tr. 21, 542).

    The parties agree that the ALJ failed to include handling
and fingering limitations in the hypothetical question posed to
the Vocational Expert (VE).  Further proceedings before the ALJ
are necessary to resolve an ambiguity in the decision.  Though he
purported to adopt Dr. Pritchard's Physical Residual Functional
Capacity (RFC) Assessment, including that plaintiff "should not
handle or finger constantly," the ALJ's RFC is more limited,
prohibiting frequent bilateral handling or fingering.  (Tr. 17,

20, 502).  The VE testified that a limitation to occasional use
of the hands for gross and fine manipulation, along with
limitations identified by the ALJ, would preclude employment in
past jobs held by plaintiff.  (Tr. 717).  The VE further
testified that the need to rest both hands for one half hour
after an hour of use, when coupled with the limitations posed by
the ALJ, would not be competitive.  (Tr. 718).

On remand, the ALJ shall adduce further VE testimony and
issue a new decision clarifying his assessment of plaintiff's
RFC.  The ALJ is of course free to further develop the record as
he deems appropriate.

<u>Conclusion</u>

Based on the foregoing, the decision of the Commissioner is
reversed.  This matter is remanded to the Commissioner for
further proceedings before the ALJ.

IT IS SO ORDERED.

DATED this __12<u>th</u>__ day of December, 2007.


                           __s/ Michael R. Hogan_____
                           United States District Judge

3 - ORDER